IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Jose Quintero,<br><br>        Plaintiff,<br>  v.<br><br>NDEX West, LLC, et al.,<br><br>        Defendants.<br>                                          / | NO. C 08-05388 JW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

## **I. INTRODUCTION**

Jose Quintero ("Plaintiff") brings this action against NDEX West, LLC ("NDEX") and Litton Loan Servicing ("Litton") (collectively, "Defendants") alleging unfair debt collection, violations of predatory lending laws and violations of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. §§ 1961, *et seq*. Plaintiff alleges that Defendants have unlawfully attempted to foreclose on his real property located in San Jose, California.

Presently before the Court are Defendant Litton's Motion to Dismiss and Motion to Strike Plaintiff's Request for Treble Damages.[1] The Court conducted a hearing on March 2, 2009. Counsel for Defendant Litton appeared on its behalf. No one appeared on behalf of Plaintiff. Based

---

[1] (Defendant Litton Loan Servicing's Amended Notice of Hearing of Motion and Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can Be Granted, hereafter, "Motion to Dismiss," Docket Item No. 13; Defendant Litton Loan Servicing's Amended Notice of Motion and Motion to Strike Complaint, hereafter, "Motion to Strike," Docket Item No. 14.) To date, Plaintiff has not filed an opposition to Litton's motions.

on the papers submitted to date and oral argument, the Court GRANTS Defendant's Motion to Dismiss with leave to amend, and DENIES Defendant's Motion to Strike as moot.[2]

## II. BACKGROUND

On November 5, 2008, Plaintiff filed this action in California Superior Court. (Defendant's Notice of Removal, Ex. A, hereafter, "Complaint," Docket Item No. 1.) On December 1, 2008, Defendant Litton removed this case on the basis of federal question jurisdiction. (Defendant's Notice of Removal at 2.) In his November 5, 2008 Complaint, Plaintiff alleges as follows:

> Defendant Litton is a business entity that has directed Defendant NDEX, a business entity of unknown form, to foreclose on Plaintiff's real property located at 1572 Virginia Place, San Jose, California 95116, and to proceed with a Trustee's sale. (Complaint ¶¶ 2, 5.) NDEX provided Plaintiff with a Notice of Sale in October 2008.[3] (Id. ¶ 3, Ex. 1.) The foreclosure is an attempt to collect on an alleged unpaid balance on a promissory note secured by an August 3, 2005 Security Instrument ("2005 Deed of Trust"). (Id. ¶ 5.) Although Defendants represented that Litton was entitled to payment from Plaintiff, Litton is not the holder of the promissory note identified in the 2005 Deed of Trust, and is not in possession of the note or otherwise entitled under California law to initiate a foreclosure. (Id. ¶ 7, 17-18.)

> Plaintiff has put NDEX on notice of Plaintiff's claim that Litton has no right to initiate a foreclosure and sell the real property at issue, and has demanded that NDEX suspend any foreclosure sale until it has proof that Litton actually possesses the note identified in the Security Interest. (Complaint ¶ 8.) NDEX and Litton have refused to suspend the sale of the property and failed to provide proof that Litton has the right to

---

[2] Litton moves to strike Plaintiff's requested relief for treble damages on the ground that Plaintiff has not alleged sufficient facts to warrant such a remedy. (Motion to Strike at 3.)

[3] The Notice of Sale attached to the Complaint as Exhibit 1 indicates that the foreclosure sale was schedule for November 6, 2008. (Complaint, Ex. 1.) The Court cannot determine whether the foreclosure has already occurred as scheduled.

2

foreclose under the Security Instrument. (Id. ¶¶ 8, 10.) Plaintiff has also demanded an accounting from Defendants as to how they calculated the amount they claim is owed under the promissory note. (Id. ¶ 11.) Defendants have provided inadequate responses, such that Plaintiff cannot determine whether any or all of the charges are justified. (Id.)

Defendants have engaged in a pattern and practice of utilizing non-judicial disclosures to foreclose on properties that they do not, in fact, have the right to foreclose on. (Complaint ¶ 9.) In addition, Defendants have utilized the United States mail in furtherance of their conspiracy to unlawfully collect on negotiable instruments or to collect more money than they are entitled to. (Id. ¶ 13.)

On the basis of the allegations outlined above, Plaintiff alleges three causes of action: (1) Unfair Debt Collection Practices under California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.2, the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692(a), *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*; (2) Predatory lending practices under the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1637, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §§ 41-58; and (3) violation of RICO, 18 U.S.C. §§ 1961, *et seq*.

Presently before the Court is Defendant Litton's Motion to Dismiss and Motion to Strike.

### III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533- 534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v.

3

City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

## IV.  DISCUSSION

Defendant Litton moves to dismiss Plaintiff's Complaint on the ground that, among other things, Plaintiff has not alleged any facts supporting his conclusory allegations of wrongdoing under each cause of action. (Motion to Dismiss at 3-10.) The Court considers each cause of action in turn.[4]

**A.   Unfair Debt Collection Practices**

With respect to Plaintiff's "Unfair Debt Collection Practices" cause of action, Plaintiff alleges the following:

> Defendants and each of them, in taking the action aforementioned, have violated provisions of [the RFDCPA], including but not limited to Civil Code § 1788(e) and (f), and [the federal FDCPA] and [RESPA].

(Complaint ¶ 21.) The "aforementioned" action referred to under this cause of action is Defendants' attempt to foreclose of Plaintiff's house without providing proof that Litton possessed the promissory note under which Plaintiff received his mortgage, and which is secured by the 2005 Deed of Trust. (Id. ¶¶ 7-10.) The Court cannot determine from these allegations the connection between Defendants' alleged failure to possess the promissory note and unfair debt collection practices under any of the statutory provisions identified. For example, Plaintiff cites sections

---

[4] Although Plaintiff's Complaint is organized into three causes of action, the Court recognizes that the first two causes of action state claims under various state and federal statutes that must be analyzed separately.

4

1788(e) and (f) of the California Civil Code.  However, these provisions do not actually exist.  Assuming Plaintiff intended to reference sections 1788.10(e) and (f), which proscribe, *inter alia*, debt collection through threats of arrest and seizure of property unless permitted by law, a liberal reading of the Complaint fails to render a short and plain statement establishing Plaintiff's grounds for relief.  There is no allegation that Defendants attempted to collect a debt from Defendant by the means described in the statute.

Similarly, Plaintiff fails to plead sufficient factual allegations to state a claim under the federal FDCPA and RESPA.  With respect to the FDCPA, Plaintiff does not allege that Defendants are debt collectors within the meaning of the statute or that he attempted to dispute the debt owned on his mortgage.  See 15 U.S.C. §§ 1692g(b); 1692a(6)(F).  He simply alleges, in a conclusory manner, that Defendants have "violated provisions" of the FDCPA.  (Complaint ¶ 21.)  With respect to RESPA, Plaintiff fails to indicate which provisions of RESPA have been violated.  For example, the Complaint lacks any allegations concerning illicit kickbacks during the settlement of Plaintiff's home purchase.  See 12 U.S.C. §§ 2601, 2605, 2607.  Thus, the Court finds that Plaintiff has failed to make sufficient factual allegations to support his unfair debt collection practices claims.

Accordingly, the Court GRANTS Defendant Litton's Motion to Dismiss Plaintiff's First Cause of Action.

**B.**    **Predatory Lending**

With respect to Plaintiff's predatory lending cause of action, he alleges as follows:

> [Litton], the initial lender, has engaged in predatory lending practices with respect to Plaintiff in violation of the [HOEPA], [TILA], and the [FTCA], the specifics of which are unknown, but which are subject to discovery and with respect to which the specifics will be alleged by amendment to this complaint when ascertained.
>
> One or more of the predatory lending practices referred to in the previous paragraph permits, under the law, one or more defenses or remedies, the specifics of which will be alleged by amendment to this complaint when ascertained.

(Complaint ¶¶ 24-25.)  Plaintiff does not identify any nexus between his allegations that Defendants do not possess the promissory note and any predatory lending conduct in violation of the referenced statutes.  Plaintiff not only fails to connect any of his factual allegations to his predatory lending

claim, his Complaint concedes that he has not yet ascertained any conduct by Defendants constituting predatory lending.

Accordingly, the Court GRANTS Defendant Litton's Motion to Dismiss Plaintiff's Second Cause of Action.

**C.  RICO**

To state a RICO claim, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity ("predicate act") (5) causing injury to plaintiff's business or property. Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005).

With respect to his RICO claim, Plaintiff alleges, in relevant parts:

> In doing the aforesaid acts, Defendants . . . were participating in and have participated in a scheme of racketeering as that term is defined in [RICO].
>
> Defendants . . . have violated RICO, including but not limited to 18 U.S.C. §§ 1962(b) and (d) through attempts to collect unlawful debts.
>
> Defendants . . . have violated RICO, including but not limited to 18 U.S.C. § 1961(a)(1), relating to mail fraud as defined in 18 U.S.C. § 1341.
>
> Defendants . . . have violated RICO, including but not limited to 18 U.S.C. § 1961(a)(1), relating to prohibited interference with commerce, robbery, or extortion, as defined under 18 U.S.C. § 1951.
>
> Defendants . . . have violated RICO, including but not limited to 18 U.S.C. § 1961(a)(1), relating to fraud in the sale of securities.
>
> Defendants . . . are engaged in a pattern and practice to obtain title of property without compliance and in violation of Article 3 of the California Commercial Code and in fact attempt to circumvent perfecting negotiable instruments as mandated under applicable law. In doing things herein, Defendants are engaged in criminal activity to obtain title to subject property.

(Complaint ¶¶ 27-32.) These allegations fail to allege all of the elements of a RICO claim. Plaintiff neither identifies the existence of a RICO enterprise nor does he allege that he was injured by any of Defendants' alleged racketeering activity. In addition, Plaintiff does not provide factual allegations supporting his conclusion that Defendants have committed the various predicate acts such as mail

fraud under 18 U.S.C. § 1341 or identify which provisions of § 1951 Defendants are alleged to have violated.

Accordingly, the Court GRANTS Defendant Litton's Motion to Dismiss Plaintiff's Third Cause of Action.

**C.    Leave to Amend**

Leave to amend should be granted with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003.)  In this case, despite Plaintiff's failure to oppose Defendant Litton's motion, the Court finds that Plaintiff may be able to cure the defects of his allegations.  Accordingly, the Court GRANTS Plaintiff leave to file an amended complaint.

**V.  CONCLUSION**

The Court GRANTS Defendant Litton's Motion to Dismiss Plaintiff's Complaint with leave to amend.  The Court DENIES Defendant Litton's Motion to Strike as moot.  On or before **March 16, 2009**, Plaintiff shall file an Amended Complaint consistent with this Order.  Failure to file an Amended Complaint within the time permitted will be deemed sufficient grounds for dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated: March 6, 2009

JAMES WARE
United States District Judge

7

**United States District Court**
For the Northern District of California

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  Brad Michael Simon brad@rouplaw.com
Ronald David Roup ron@rouplaw.com

3

4  Homan Mobasser
M.W. Roth, PLC
13245 Riverside Drive, Suite 320
5  Sherman Oaks , CA 91423

6

7  **Dated: March 6, 2009**                           **Richard W. Wieking, Clerk**

8                                                     **By:   /s/ JW Chambers**
                                                          **Elizabeth Garcia**
9                                                         **Courtroom Deputy**

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28